1  KAREN P. HEWITT
   United States Attorney
2  AARON B. CLARK
   Assistant U.S. Attorney
3  California State Bar No. 239764
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6787/(619) 235-2757 (Fax)
   Email: aaron.clark@usdoj.gov
6  Attorneys for Plaintiff
   United States of America

7

UNITED STATES DISTRICT COURT

8

SOUTHERN DISTRICT OF CALIFORNIA

9

| | | |
|---|---|---|
| 10 | UNITED STATES OF AMERICA,  ) | Criminal Case No. 08CR0799-BEN |
| 11 | Plaintiff,  ) | DATE: June 30, 2008 |
| | ) | TIME: 2:00 p.m. |
| 12 | v.  ) | COURTROOM: 3 |
| | ) | Before Honorable Roger T. Benitez |
| 13 | GILBERTO PLACENCIA-MEDINA,  ) | |
| | Defendant(s).  ) | UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE* TO: |
| 14 | ) | (1) PRECLUDE 404(B) AND 609 EVIDENCE; |
| 15 | ) | (2) PRECLUDE DEPORTATION DOCUMENTS AS EVIDENCE OF ALIENAGE.; |
| 16 | ) | (3) COMPEL INSPECTION OF CERTIFIED DOCUMENTS PRE-TRIAL; |
| 17 | ) | (4) PRECLUDE THE A-FILE CUSTODIAN FROM TESTIFYING ABOUT IMMIGRATION PROCEEDINGS; |
| 18 | ) | (5) PRECLUDE THE A-FILE CUSTODIAN FROM TESTIFYING ABOUT DATABASE SEARCHES; |
| 19 | ) | (6) ALLOW IMPEACHMENT OF ALL HEARSAY DECLARANTS; AND |
| 20 | ) | (7) GRANT LEAVE TO FILE FURTHER MOTIONS; |
| 21 | ) | TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

27

28

1   COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,
2   Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby
3   files its Response In Opposition to Defendant's Motions *In Limine* in the above-captioned case.
4   Said motions are based upon the files and records of this case together with the attached statement
5   of facts and memorandum of points and authorities.
6   DATED: June 23, 2008.

        Respectfully submitted,

        KAREN P. HEWITT
        United States Attorney

        s/ Aaron B. Clark
        AARON B. CLARK
        Assistant United States Attorney

KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619) 235-2757 (Fax)
Email: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0799-BEN |
|---|---|---|
| Plaintiff, | ) ) | DATE:             June 30, 2008 |
| | ) | TIME:              2:00 p.m. |
| v. | ) | COURTROOM:  3 |
| | ) | Before Honorable Roger T. Benitez |
| GILBERTO PLACENCIA-MEDINA, | ) ) | |
| Defendant(s). | ) ) ) | UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

**I**

**STATEMENT OF THE CASE AND FACTS**

The United States hereby incorporates by reference the statement of the case and statement of facts set forth in its Motions *In Limine* filed June 12, 2008.

**II**

**DEFENDANT'S MOTIONS**

**A.   GOVERNMENT HAS GIVEN NOTICE OF 404(b) AND 609 EVIDENCE**

The government incorporates by reference its arguments set forth in its Motions *In Limine* filed June 12, 2008. In a letter dated June 11, 2008, the United States provided notice of its intent

3

1   to introduce the facts underlying Defendant's December 12, 2005 apprehension under Rule 404(b).
2   The Government's notice was adequate and timely.

3   The Government also provided notice of its intent to rely on Defendant's multiple
4   convictions for making a false statement to a federal officer pursuant to Rule 609(a)(2), even
5   though such notice is not required. This motion is therefore moot.

6   **B.    DEPORTATION DOCUMENTS MAY BE USED AS EVIDENCE OF ALIENAGE**

7   The government incorporates by reference its arguments set forth in its Motions *In Limine*
8   filed June 12, 2008.

9   Defendant argues that the warrant of removal and the order of deportation are only
10  admissible to prove the element of deportation and may not be used to prove alienage. Defendant's
11  contentions run contrary to Ninth Circuit authority.

12  The Ninth Circuit has consistently held that "deportation documents are admissible to prove
13  alienage under the public records exception to the hearsay rule." United States v. Hernandez-
14  Herrera, 273 F.3d 1213 (9th Cir. 2001); see also United States v. Contreras, 63 F.3d 842, 857 (9th
15  Cir. 1995).

16  Furthermore, Defendant's observations regarding the burden of proof applicable in
17  immigration proceedings are inapposite. [Deft's Memorandum at 5-6.] While deportation
18  documents, standing alone, cannot conclusively establish alienage, United States v. Sotelo, 109
19  F.3d 1446, 1449 (9th Cir. 1997), this goes only to the weight of the evidence, not its admissibility.
20  Accordingly, Defendant's request for a limiting instruction should be denied.

21  Defendant also moves the Court to exclude other A-File documents, including the Notice
22  to Appear and the Warnings to Alien. [Def's Memorandum at 5-6.] At this time, the United States
23  does not intend to offer these documents in its case-in-chief, but reserves the right to introduce
24  them should they become necessary at trial. A-File documents are admissible under the public
25  records exception to the hearsay rule. See Fed. R. Evid. 803(8)(B); Hernandez-Herrera, 273 F.3d

28  4

at 1217-18 (deportation documents are admissible under the public records exception to the hearsay rule); United States v. Loyola-Dominguez, 125 F.3d at 1317.

C.    **INSPECTION OF CERTIFIED DOCUMENTS PRE-TRIAL**

Defendant offers no authority for his motion to compel inspection of certified copies of A-file documents prior to trial. However, the United States will endeavor to reasonably make available for inspection the certifications of said documents once they are available.

D.    **THE A-FILE CUSTODIAN MAY TESTIFY ABOUT IMMIGRATION PROCEEDINGS AND DATABASE SEARCHES**

The government incorporates by reference its arguments set forth in its Motions *In Limine* filed June 12, 2008.

Defendant moves the Court to preclude the A-file custodian from testifying about immigration proceedings. The Court should not limit the testimony of the A-file Custodian as requested by Defendant.

At trial, Border Patrol Agent Jorge Salazar will be called to testify about the documents contained in Defendant's A-File. See United States v. Loyola-Dominguez, 125 F.3d 1315, 1317 (9th Cir. 1997) (agent "served as the conduit through which the government introduced documents from INS' Alien Registry File"). Agent Salazar has personal knowledge of the deportation and removal process. An adequate foundation will be established for his testimony at trial. Accordingly, the Court should allow testimony regarding the standardized procedures employed in immigration proceedings and immigration record keeping. This testimony will be presented by someone with direct experience and knowledge of these procedures, and is admissible.

Defendant also argues that the A-File custodian should not be permitted to testify about his search of immigration databases for evidence of Defendant's lack of permission to re-enter the United States. [Def's Memorandum at 10-12.] Defendant contends that this testimony would violate the best evidence rule, as well as his confrontation rights because no discovery has been produced regarding the computer searches. [Id.] These contentions are without merit. The A-file

1  custodian will testify about a computer search that revealed no documentary evidence. As such, there is no discovery to provide, and the best evidence rule is not implicated. Additionally, Defendant will have an opportunity to cross-examine the A-file custodian regarding his computer search at trial. Thus, there can be no violation of the Confrontation Clause.

### E. IMPEACHMENT OF HEARSAY DECLARANTS

Defendant contends that, to the extent the United States offers admissible hearsay evidence under Rules 803(6) ("Records of Regularly Conducted Activity") and 803(7) ("Absence of Entry in Records Kept in Accordance With the Provisions of Paragraph (6)"), Federal Rule of Evidence 806 allows him to attack the credibility of the hearsay declarant. In this, Defendant is correct.

Defendant errs, however, in his assertion that the declarant in the context of Rules 803(6) and 803(7) necessarily encompasses the entire organization maintaining the records. [Deft's Memorandum at 12.] Rather, the declarant in the context of Rule 803(6) is the person who prepared the document, not the business or organization the person was working for, or the organization maintaining the records. See, e.g., Itel Capital Corp. v. Cups Coal Co., Inc, 707 F.2d 1253, 1259 (11th Cir. 1983) (discussing the declarant in the Rule 803(6) context as "the person who actually prepared the documents."); Parker v. Reda, 327 F.3d 211, 214-215 (2nd Cir. 2003) (discussing the admissibility of documents under Rule 803(6) irrespective of the availability of the "the record's author"). Any impeachment under Rules 803(6) and 803(7) should therefore be confined to the people who actually prepared the documents offered under Rule 803(6), or, under Rule 803(7), the person(s) who would have created the entries that are absent in the record.

### F. LEAVE TO FILE FURTHER MOTIONS

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and the additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

//

6

# IV

# **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that, except where unopposed, Defendant's Motions *In Limine* be denied.

DATED: June 23, 2008.

                                             Respectfully submitted,

                                             KAREN P. HEWITT
                                             United States Attorney

                                           s/ Aaron B. Clark
                                           AARON B. CLARK
                                           Assistant United States Attorney

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR0799BEN |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| GILBERTO PLACENCIA-MEDINA, | |
| Defendant(s). | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY CERTIFIED THAT:

    I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE* on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1. Robert Henssler

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on June 23, 2008.

                                          s/ Aaron B. Clark
                                          AARON B. CLARK